EULOGIO RIERA BENGOECHEA, ET ALS., Plaintiffs and Appellees, *v.* JOSÉ VEGA, Defendant and Appellant.

No. 7480. Argued March 8, 1939.—Decided May 16, 1939.

*Susoni & Defendini* for appellant. *V. Gutiérrez Franqui* for appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is a petition in injunction to restrain the making of repairs on a certain house that was decided against the defendant by the District Court of San Juan by judgment rendered on March 27, 1935.

The said defendant appealed and his first move before this Supreme Court was on February 8, 1937, when he prayed for a new term in which to file in the office of the clerk of the district court "the statement of the case and assignment of errors" in order to perfect the appeal.

On March 10, 1937, this court decided the petition. The appellant moved for a reconsideration, and after having heard both parties on the following April 19, the court, eight days later, vacated its prior order and granted a new term of five days to file the said documents.

After the transcript was filed in the office of the clerk of this Supreme Court on May 29, 1937, and the briefs of the appellant and appellees on July 12, 1937 and May 13, 1938, respectively, the plaintiffs and appellees filed a motion alleging that a certain error existed in the statement of the case and requesting this court to render an order granting to the defendant appellant a reasonable term in which to correct it. The defendant appellant consented, and the court, on May 13, 1938, postponed the hearing set for that day and ordered the remittance of the statement of the case to the trial court for correction.

On February 15, 1939, the hearing of the appeal was set for the following March 8, and the same day of the hearing the plaintiffs and appellees filed a motion that had been notified to the defendant appellant moving for the dismissal of the appeal for want of diligence in its prosecution, consisting in not having taken any steps to correct and to join again to record, the statement of the case, and also because the appeal was academic since the plaintiffs and appellees had sold to the People of Puerto Rico the land on which the house in question was located, because the defendant appellant had conveyed to his wife, when he divorced her, the house in question, and because the wife had, in her turn, sold the house to the People of Puerto Rico; accompanying the documents crediting said facts.

The plaintiffs and appellees were present at the hearing. The defendant appellant failed to appear.

In our opinion, the want of diligence of the appellant in the prosecution of the appeal is evident. If the very party appellant consented to the remittance of the statement of the case to the district court for correction and did nothing about it, he was wrong in not putting this Supreme Court in a position to decide the appeal on its merits, within a reasonable time, and he must suffer the consequences of his own acts.

On that account, since it is not necessary to consider the second ground for the dismissal since the first one is sufficient, the motion to dismiss should be sustained and the appeal dismissed, with costs.

Mr. Justice De Jesús took no part in the decision of this case.